**Dr. John E. GRIMES, Jr.,
Plaintiff-Appellant,**

v.

**EASTERN ILLINOIS UNIVERSITY, et al., Defendants-Appellees.**

No. 81–2466.

United States Court of Appeals,
Seventh Circuit.

Argued April 26, 1983.

Decided June 22, 1983.

---

Joshua Sachs, Chicago, Ill., for plaintiff-appellant.

Mark T. Dunn, Bloomington, Ill., for defendants-appellees.

Before PELL, POSNER and COFFEY, Circuit Judges.

POSNER, Circuit Judge.

The plaintiff-appellant in this suit under 42 U.S.C. § 1983 claims that a state university deprived him of property without due process of law, in violation of the Fourteenth Amendment, by firing him. We must decide whether he had a sufficient property interest in continued employment to maintain such a claim.

Between 1968 and 1978 the plaintiff (a psychologist) was employed by the university in an administrative capacity pursuant to a series of one-year contracts. But in 1978 he received a "continuing appointment" that was to "remain in effect until modified or terminated in accordance with the [defendant university's] Board of Governors['] regulations," one of which provides that "administrative employees shall be employed by and serve at the pleasure of the President" of the university and that in cases of termination of these employees "not involving cause" an employee with the plaintiff's length of service shall receive 12 months' notice. The plaintiff received notice in 1979 and was discharged a year later. He was given no reason for the discharge but apparently it was based on disagreements between him and his immediate superior over policy.

An employee at will often has an empirically well founded expectation of continued employment, provided he behaves himself; and the longer he has been employed, the greater that expectation is. But if employment really is at the pleasure of the employer the employee does not have the kind of secure, legally assured interest that counts as property under the Fourteenth Amendment, no matter how long he has been employed. See, e.g., *McElearney v. University of Illinois*, 612 F.2d 285, 290–91 (7th Cir.1979) (per curiam); *Smith v. Board of Education of Urbana School District No. 116*, 708 F.2d 258, 264 (7th Cir. 1983). So the fact that the plaintiff had been working for the defendant university for 10 years before he received notice of termination does not establish a property interest. No more does the conversion of his year-to-year appointment to a continuing appointment—an express term of which was that he would be serving at the pleasure of the university's president. The plaintiff argues that this term cannot have been intended seriously, for then the continuing appointment was not a real change from the series of annual appointments. But it was: it gave the plaintiff a year's notice of termination, something he would not have had if he had continued on a year-to-year basis.

The plaintiff also argues that Ill. Rev.Stat.1981, ch. 144, ¶ 1008(3), which empowers the board of governors to "employ, and, for good cause, to remove ... all ... necessary employees," gave him tenure, overriding the terms of his appointment. The statute, which has not been construed by the Illinois courts, permits as a purely

verbal matter, but does not compel, the plaintiff's reading. It can be read just as a grant of power to the board of governors to terminate an employment contract even during the term of the contract, for good cause. In the absence of such a power, maybe any termination of a contract before its term ran out would be considered a breach of contract and expose the university to an action for damages—maybe tenured faculty could not be removed no matter how badly they behaved. The power to remove for cause is necessary to maintain minimum control over the university's tenured work force.

Interpreting the statute as a grant of power rather than of rights is more consistent with the statutory language and is more sensible than interpreting the statute as giving nonteaching administrative employees tenure. Tenure in universities has traditionally been limited to faculty and denied other university employees. The purpose of tenure is to protect academic freedom—the freedom to teach and write without fear of retribution for expressing heterodox ideas—and it is faculty who engage in teaching and writing. It would be surprising if the statute were intended to erase that distinction.

The judgment dismissing the complaint is AFFIRMED.